UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA MARROCCOLO,

                              Plaintiff,

v.                                                     6:24-CV-1091 (GTS/MJK)

MICHELLE CODDINGTON; and
UNKNOWN HERKIMER CNTY. POLICE OFFICER,

                              Defendants.
_____

APPEARANCES:

ANGELA MARROCCOLO
  Plaintiff, *Pro Se*
760 East Monroe Street, Apt. G4
Little Falls, NY 13365

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Angela Marroccolo ("Plaintiff") against the two above-captioned individuals ("Defendants"), is United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that the claims asserted in Plaintiff's Complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (specifically, that Plaintiff's claims on behalf of her daughter K.M. be dismissed without prejudice to repleading when K.M. is properly represented by counsel or reaches the age of majority, and that Plaintiff's claims on behalf of herself be dismissed without prejudice to repleading in this action through an Amended Complaint that corrects the pleading deficiencies identified in her original Complaint). (Dkt. No. 9.)

Plaintiff has not filed an Objection to the Report-Recommendation and the time in which to do so has expired. (*See generally*, Docket Sheet.) Instead, Plaintiff has filed an Amended Complaint, a motion for leave to file a Second Amended Complaint, and a supplemental brief in support of that motion for leave to file a Second Amended Complaint. (Dkt. Nos. 10, 12, 15.)[1]

Plaintiff's haste to file an Amended Complaint before receiving a Decision and Order on Magistrate Judge Katz' Report-Recommendation has complicated matters because, even assuming she had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite the fact that she had not yet served her Complaint,[2] an amended complaint supersedes an original complaint in all respects.[3] This means that, arguably, Plaintiff's Amended

---

[1] The Court notes that, although Docket Number 7 in this action is labeled Plaintiff's "Amended Complaint," the Court construes it as identical to her original Complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 7.) As a result, the Court will refer to Docket Number 10 as Plaintiff's "Amended Complaint."

[2] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days *after serving it* . . . ." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served her Complaint; thus, she is arguably not yet within the 21-day window in which he may filed an Amended Complaint as a matter of course. *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[3] *See Int'lControls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); cf. N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

2

Complaint may have partially mooted Magistrate Judge Katz's Report-Recommendation, which analyzed Plaintiff's *original* Complaint.

In any event, out of a desire to balance the interest of judicial efficiency (including the purpose of the Federal Magistrates Act of 1968) against the special solicitude ordinarily afforded to a *pro se* civil rights plaintiff, the Court will apply the recommendations in the Report-Recommendation to Plaintiff's Amended Complaint. After carefully doing so, the Court can find no clear error in the Report-Recommendation:[4] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following three points.

First, the correctness of Magistrate Judge Katz's recommendation regarding Plaintiff's claims on behalf of her daughter K.M. is only further supported by the fact that Plaintiff has abandoned those claims in her Amended Complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 10.)

Second, although Plaintiff has attempted in her Amended Complaint to correct the pleading defects identified in the claims asserted on behalf of herself (i.e., the untimeliness of those claims under the three-year limitations period governing them), the undersigned is not persuaded (at least not without the benefit of another report-recommendation) that she has

---

[4] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

succeeded in that attempt. Plaintiff alleges that equitable tolling is warranted because of (1) the "ongoing nature of the harm" she has experienced and (2) "recent revelations in family court proceedings" related to this matter. (Dkt. No. 10, at 1-2 [Plf.'s Am. Compl.].) More specifically, with regard to the "ongoing harm," Plaintiff alleges as follows:

> The family court proceedings that have continued through March 24, 2024 have addressed the fallout from the May 17, 2017, removal, showing that Defendant Coddington's actions have had lasting effects on Plaintiff's familial relationships and emotional well-being. Plaintiff's familial association and relationship with her child were severely disrupted, with ongoing emotional harm persisting to this day. The continued involvement of the family court underscores the ongoing nature of the harm caused by Defendant's actions.

(*Id*. at 2.) With regard to the "recent revelations" in Family Court proceedings, Plaintiff alleges as follows:

> During the recent family court proceedings, new facts came to light regarding the coercive tactics used by Defendant Coddington, and procedural violations were revealed that had previously been unknown to Plaintiff. These new facts justify the tolling of the statute of limitations and the timeliness of this action.(*Id*.)[5]

"'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way.'" *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017)

---

[5] Although the Court has carefully considered the arguments contained in Plaintiff's supplemental brief in support of her motion for leave to file a Second Amended Complaint, and although generally factual allegations of a *pro se* litigant contained in an opposition to a motion to dismiss should be construed as effectively amending the *pro se* litigant's challenged pleading (to the extent they are consistent with it), the Court declines to construe the factual allegations of Plaintiff's supplemental brief as effectively amending her Amended Complaint, because (1) Plaintiff already exercised her right to file an Amended Complaint, (2) leave was never granted to file a supplemental brief, and (3) such piecemeal pleading would unduly prejudice Defendants in framing a necessary Answer. In any event, the factual allegations in the supplemental brief do not correct the pleading defects identified in the Report-Recommendation.

(quoting *Mottahedah v. United States*, 794 F.3d 347, 352 [2d Cir. 2015]).  Here, it is difficult for the undersigned to see how the mere continuation of Family Court proceedings (even when accompanied by both a "severe[] disrupt[ion]" of familial relationship and emotional harm) could have prevented Plaintiff, *despite an exercise of due diligence*, from discovering the nature of her claim within the limitations period.  Similarly, it is difficult for the undersigned to see (1) how the recently discovered "new facts" could have previously been unknown to Plaintiff *despite an exercise of due diligence*, and (2) how the lack of knowledge of those facts could have possibly prevented her from discovering the nature of her claim within the limitations period.[6]  Indeed, Plaintiff's claim is that Defendants unlawfully seized her daughter, K.N., without a warrant, court order, or evidence of imminent danger to the child, and that during the seizure Plaintiff was apparently present (or at least sufficiently involved in events to make decisions, albeit hurried ones).  (Dkts. Nos. 7, 10.)

Third, Plaintiff's motion for leave to file a Second Amended Complaint (which also does not correct the statute-of-limitations pleading defects identified in the Report-Recommendation) is denied without prejudice.[7]  Plaintiff is respectfully advised that she need not renew that motion

---

[6]  The Court notes that Plaintiff does not allege, even conclusorily, that any Defendant or municipal employee fraudulently concealed the "new facts."

[7]  The Court notes that it is mindful of the Second Circuit's admonition that a *pro se* plaintiff's request to amend her complaint when a motion to dismiss is pending should be denied only without prejudice, or perhaps stayed, until she has had the benefit of the district court's ruling on the motion to dismiss.  *See Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

at this point, because she is hereby being given leave to file a *different* Second Amended Complaint that does correct the statute-of-limitations pleading defects identified in the Report-Recommendation.

Fourth, and finally, in preparing her Second Amended Complaint, Plaintiff is respectfully advised to remain cognizant of the fact that, to the extent that she seeks an invalidation of a Family Court order, her claims may be barred by the *Rooker-Feldman* doctrine. Generally, under the *Rooker-Feldman* doctrine, a federal court lacks subject-matter jurisdiction where the following four elements are met: (1) the plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites the district court to review and reject the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Ganiyu v. Lopez*, 19-CV-11605, 2020 WL 1467356, at *2 (S.D.N.Y. Mar. 25, 2020) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 [2d Cir. 2005]).[8] Similarly, to the extent that she asking this Court to interfere with an ongoing Family Court proceeding, her claims may be barred by the *Younger* abstention doctrine. Generally, pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), a district court is without jurisdiction if there is an ongoing state proceeding where an important state interest is implicated and the plaintiff has an avenue open for review of constitutional claims in state court. *Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 9) is

---

[8] Alternatively, such claims may be barred under the domestic-relations abstention doctrine. *Deem v. DiMella-Deem*, 941 F.3d 618, 623-25 (2d Cir. 2019) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 [2d Cir. 1990]).

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for leave to file a Second Amended Complaint (Dkt. No. 12) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 10) **shall be DISMISSED** with prejudice and without further Order of the Court **UNLESS**, **within THIRTY (30) DAYS** from the entry of this Decision and Order, Plaintiff files a **SECOND AMENDED COMPLAINT** that cures the pleading defects identified in this Decision and Order and Magistrate Judge Katz's Report-Recommendation; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint must be a complete pleading which shall not incorporate any portion of her prior pleadings by reference, and that Plaintiff's Second Amended Complaint will supersede her Amended Complaint in its entirety in all respects; and it is further

**ORDERED** that, upon Plaintiff's filing of a Second Amended Complaint, it shall be referred to Magistrate Judge Katz for review of its pleading sufficiency.

Dated: February 5, 2025
       Syracuse, New York

*[Signature]*
Glenn T. Suddaby
U.S. District Judge