UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA MARROCCOLO,

                Plaintiff,

v.                                                6:24-CV-1091
                                                     (GTS/MJK)

MICHELLE CODDINGTON; UNKNOWN
HERKIMER COUNTY POLICE OFFICER;
HERKIMER COUNTY; LISA BURDICK;
KRISTEN KRUENKE, and ASHLEY MULLIVILLE,

                Defendants.
_____

APPEARANCES:

ANGELA MARROCCOLO
   Plaintiff, *Pro Se*
760 East Monroe Street, Apt. G4
Little Falls, NY 13365

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Angela Marroccolo ("Plaintiff") against Michelle Coddington, Herkimer County, an Unknown Herkimer County Police Officer, Lisa Burdick, Kristen Kruenke, and Ashley Mulliville ("Defendants"), is (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Second Amended Complaint be dismissed, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 19, 20.) For the reasons set forth below, Magistrate Judge Katz' Report-Recommendation is accepted and adopted, and Plaintiff's claims are dismissed without prejudice to refiling in state court within the governing limitations period.

      After carefully considering the matter, the Court can find no error in any portion of the

Report-Recommendation to which Plaintiff has specifically objected,[1] and no clear error in the remaining portions of the Report-Recommendation:[2] Magistrate Judge Katz has employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 19.) To those reasons, the Court adds one point.

Because the Court is persuaded by *all* of Magistrate Judge Katz's findings – including his second one, which is based on a lack of subject-matter jurisdiction – the Court finds it necessary to dismiss Plaintiff's claims only *without* prejudice to refiling in state court within the governing

---

[1] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted). For example, the Court notes that, here, even when Plaintiff's Objections are construed with the utmost of special leniency, those Objections contain no specific objection to (among other findings) Magistrate Judge Katz's findings regarding fraudulent concealment, government obstruction, psychological trauma, and personal involvement. (*Compare* Dkt. No. 19, at 5-8, 15-16 *with* Dkt. No. 20.)

limitations period.[3]  However, the Court hastens to add that, if its finding of a lack of subject-matter jurisdiction were found on appeal to be in error, the Court would dismiss Plaintiff's (previously amended) claims *with* prejudice for failure to state a claim for each of the alternative reasons set forth by Magistrate Judge Katz.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 18) is **DISMISSED without prejudice** to refiling in state court within the governing limitations period.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: January 21, 2026
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[3]  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."); *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss [the] case with prejudice.... As a result, where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice.") (internal quotation marks and citation omitted); *see, e.g., Charles v. Levitt*, 716 F. App'x 18, 22 (2d Cir. 2017) ("[T]he *Rooker-Feldman* doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case.... [W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.") (internal citation and quotation marks omitted); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("The *Rooker-Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it.").